UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERIC H. HOLDER, JR. | § | |
| ATTORNEY GENERAL OF THE | § | |
| UNITED STATES OF AMERICA, | § | |
|     *Plaintiff,* | § | |
| v. | § | No. SA 10CA 0494 XR |
| JUAN ANTONIO GAONA, | § | |
|     *Defendant.* | § | |

## DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND

Defendant,  Juan Antonio Gaona, files this Original Answer to Plaintiff's, Eric H. Holder, Jr.'s, Attorney General of the United States of America's, Original Complaint.

### A.  Admissions & Denials

1. Defendant denies the allegations in Paragraph 1.

2. Defendant admits the allegation in Paragraph 2.

3. Defendant denies the allegations in  Paragraph 3.  No injury occurred as the result of Defendant's conduct.  The U.S. Attorney General has failed to plea any "reasonable cause to believe that any person or group of persons is being, has been, or may be injured by conduct constitution a violation of [Freedom of Access to Clinics Act, 18 U.S.C. § 248]".  Defendant denies that the facility located at 104 Babcock Road is a "Clinic".  Instead, it is self-described as  "Sexual Health Care Services".

4. Defendant admits the allegations in  Paragraph 4.

5. Defendant denies the allegations in Paragraph 5.  Defendant is a regular and vocal prolife advocate.  Defendant is a Catholic sidewalk counselor who wants to prevent death and destruction

of women, men, and children.

6.     Defendant admits the allegation in Paragraph 6.

7.     Defendant denies the allegation in Paragraph 7. Defendant is a regular and vocal prolife advocate.  Defendant is a Catholic, sidewalk counselor who wants to prevent death and destruction of women, men, and children.

8.     Defendant denies abortion is a reproductive health service.  Abortion destroys reproduction and   produces adverse  health  consequences  for  women,  not  health.   Abortion  hurts  women. Defendant admits the statute defines "reproductive health services" as the termination of a pregnancy.

 9.     Defendant denies the allegations in  Paragraph 9.

10.     Defendant admits that he regularly performs his Catholic, sidewalk counseling activities from the public sidewalk but denies the remaining allegations in Paragraph 10.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 11 that Defendant attempted to enter the door to the "patient waiting room" or entered the "vestibule area"  but admits that he was inside the building.

12.     Defendant denies the allegations in Paragraph 12.

13.     Defendant admits he spoke to receptionist in the reception area and asked her to repent but denies that he yelled at her.  Defendant  is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13.

14.     Defendant denies the allegations contained in Paragraph 14.

15.     Defendant denies the allegations contained in Paragraph 15.

16.     Defendant denies the allegations contained in Paragraph 16.

17.     Defendant denies the allegations contained in Paragraph 17.

18.     Defendant denies the allegations contained in Paragraph 18.

**B. Defendant Has Not Engaged in the Conduct Alleged by Plaintiff
To Violate § 18 U.S.C. 248**

19.     In response to Plaintiff's averments in Paragraph 19, Defendant hereby incorporates herein the foregoing Paragraphs 1 through 18.

20.     Defendant denies allegations contained in Paragraph 20.

21.     Defendant denies allegations contained in Paragraph 21.

22.     Defendant denies allegations contained in Paragraph 22.

23.     Defendant denies allegations contained in Paragraph 23.

24.     Defendant denies that he engaged in illegal conduct.  Defendant denies that restraint is necessary to ensure legal conduct by Defendant as alleged in Paragraph 24.

**C. Affirmative Defenses**

25.     Defendant's activities did not violate the Freedom of Access to Clinics Act, 18 U.S.C. § 248.

26.     Defendant's activities include constitutionally protected speech and religious activities.

27.     Freedom of Access to Clinics Act, 18 U.S.C. § 248 is unconstitutional as applied to Defendant.

D. **Response to Plaintiff's Prayer for Relief**

28.     Defendant prays this Court deny Plaintiff's requests for relief.  Defendant denies allegations contained in Paragraph 25 and Paragraph 26.

29.     The relief requested by Plaintiff is Paragraph 26 is overbroad and a violation of Defendant's rights to Free Speech and Religious Liberty under the United States Constitution.

### E. Defendant's Counter-claims

**<u>1. Plaintiff Violated Defendant's Right to Freedom of Religion under the First Amendment of the United States Constitution</u>**.

30.     The U.S. Attorney General is prosecuting Defendant because of his sincerely held religious beliefs. Defendant has a constitutional right to enter a place of business that is open to the public and express the opinion that the proprietors of that business to repent of their actions.  Defendant hereby claims that this prosecution violates the sincerely held religious beliefs of Defendant.  The pursuit of Defendant by the U.S. Attorney General is in violation of the Constitution and 28 U.S.C. 1983.

**<u>2. Plaintiff Violated Defendant's Right to Freedom of Speech under the First Amendment of the United States Constitution</u>**.

31.     The U.S. Attorney General is  prosecuting Defendant because of exercise of this right to speak in a business that is open to the public and express the opinion that the proprietors of that business to repent of their actions.  Defendant hereby claims that this prosecution violates his right to free speech.  The pursuit of Defendant by the U.S. Attorney General is in violation of the Constitution and 28 U.S.C. 1983.

### JURY DEMAND

32.     Plaintiff requests a trial by Jury.

### PRAYER

33.     Defendant, Juan Antonio Gaona,  respectfully requests this  Court deny all relief requested by the Plaintiff.

For these reasons, defendant asks the court to do the following:

          a.      Render judgment that Plaintiff take nothing.

b.      Dismiss Plaintiff's suit with prejudice.

c.      Assess costs against Plaintiff.

d.      Award Defendant attorney fees.

e.      Render judgment for Defendant against Plaintiff for damages,  attorney fees,

expenses, and costs.

Respectfully submitted,

*/s/Kathleen Cassidy Goodman*

Allan E. Parker
Texas Bar No. 15505500
R. Clayton Trotter
Texas State Bar No. 20240500
The Justice Foundation
8122 Datapoint Drive, Suite 812
San Antonio, TX 78229
Telephone (210) 614-7157

Kathleen Cassidy Goodman
Texas Bar No. 24000255
Law Office of
Kathleen Cassidy Goodman, PLLC
8122 Datapoint Drive, Suite 805
San Antonio, TX 78229
Telephone (210) 949-1000

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2010, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Joseph Cuauhtemoc Rodriguez
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216-5597

Ms. Julie Abbate
U.S. Department of Justice
Special Litigation Section – Civil Rights
601 D. Street N.W.
Washington, D.C. 20004

Mr. William E. Nolan
U.S. Department of Justice
Special Litigation Section – Civil Rights
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530


*//s/Kathleen Cassidy Goodman*
Kathleen Cassidy Goodman
Counsel for Defendant